WILLIAM W. FRANCIS, JR., J.
*929 Harold R. States ("Harold"),[1] appeals his bench-trial convictions of assault in the first degree and armed criminal action. In one point on appeal, Harold asserts the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence in that there was insufficient evidence that Harold intended to kill or cause serious injury to Victim. Finding no merit to Harold's point, we affirm the judgment of the trial court.
Factual and Procedural History
We summarize the evidence in the light most favorable to the judgment. State v. Lammers , 479 S.W.3d 624, 632 (Mo. banc 2016).
On August 26, 2016, Victim was using his Bobcat to trim dirt out of the sidewalks of an apartment complex where Harold lived. Victim's mother also lived at the complex. Harold struck the side of the Bobcat several times with his cane, then began hitting Victim. Victim blocked and dodged as best he could. When Victim moved to release the horizontal safety bar holding him in the Bobcat, Harold pulled out a knife and announced he would "stick" Victim with it. He lunged and slashed at Victim with the knife, aiming for Victim's face and midsection. Victim slid around in his seat to avoid the blows. Harold made a downward slash at Victim's abdomen. The knife would have hit Victim, except for the safety bar that was still across his lap-the knife hit the safety bar and left a gash in its padding. Victim was able to get the Bobcat in motion. Harold, retreating, threatened Victim's mother stating "she'll be dead before nightfall."
Victim called the Polk County Sheriff's Office. Deputy Adam Grant ("Deputy Grant") responded. Deputy Grant observed a cut in the safety bar. He found Harold hiding in the woods near his apartment. Harold told Deputy Grant he had been walking his dog, was concerned Victim was going to run over his dog, and merely attempted to get Victim's attention by tapping on the side of the Bobcat with his cane. Deputy Grant arrested Harold and took him to jail. The knife Harold used in the attack was found hanging in a bag next to the front door in Harold's apartment.
Harold was charged by felony information with the class B felony of assault in the first degree (Count I), pursuant to section 565.060;[2] and armed criminal action (Count II), pursuant to section 571.015.
Harold waived his right to a jury trial, and a bench trial commenced on July 31, 2017. Harold testified in his own defense. He testified that he only approached Victim to ask if he should move his potted plants. Harold denied assaulting Victim, and ever taking a knife outside his apartment.
The trial court denied Harold's motion for judgment of acquittal at the close of all the evidence. Thereafter, the trial court found Harold guilty of assault in the first degree and armed criminal action. As to the armed criminal action conviction (Count II), the trial court sentenced Harold to three years' imprisonment in the Department of Corrections ("DOC"). As to the assault charge (Count I), the trial court sentenced Harold to ten years in the DOC, suspended execution of the sentence and placed Harold on probation for five *930 years, with probation pending his release from the DOC on Count II. This appeal followed.
In his point, Harold argues that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence in that there was insufficient evidence that he actually intended to kill or cause serious physical injury to Victim.
Standard of Review
"Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." Lammers , 479 S.W.3d at 632. We view the evidence and inferences in the light most favorable to the conviction, and ignore contrary evidence and inferences. Id.
Analysis
Harold argues that there was insufficient evidence to support his conviction of assault in the first degree. He suggests:
The evidence in this case, taken in the light most favorable to the state, showed, at most, that Harold swung a knife toward [Victim]. There was no evidence that Harold actually intended to strike [Victim] with the knife. In fact, [Victim] actually testified that a safety bar was restraining him to the seat of the Bobcat during the alleged attack. Common sense dictates that this would have made it very easy for [Harold] to strike [Victim] with the knife if this was indeed his intention.
(Emphasis added) (internal footnote and transcript citations omitted).
It is unnecessary to say whether this evidence was sufficient, for the reason that Harold's recitation is incomplete. In the light most favorable to the State, the credited evidence was that Harold was reaching and lunging across the Bobcat seat, stabbing or slashing at Victim's face and abdomen with a six-inch knife. Harold said he would "stick" Victim with the knife. Victim dodged the attacks as best he could, while restrained in his seat. In one instance, Harold made a downward slash at Victim's abdomen. The knife would have hit Victim, but instead hit the safety bar gashing open the bar's padding.
Subsequently, authorities found the knife in Harold's apartment, and Harold hiding in the nearby woods. Harold gave inconsistent accounts of the incident. See State v. Montiel , 509 S.W.3d 805, 809 (Mo. App. S.D. 2016) (the factfinder may draw inferences as to defendant's intentions and motives "from the defendant's conduct before the act, during the act[,] and after the act.") (internal quotation and citation omitted). This was sufficient evidence to support the finding that Harold intended and attempted to cause serious physical injury or death to Victim by striking at Victim with the knife. Harold's point is denied. The judgment of the trial court is affirmed.
JEFFREY W. BATES, J. - Concurs
MARY W. SHEFFIELD, J. - Concurs

For clarity as to the parties' identities, we refer to appellant by his first name. We intend no disrespect or excessive familiarity.

Section 565.060 refers to RSMo Cum.Supp. (2006). All other references to statutes are to RSMo 2000, unless otherwise indicated.